IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

| | |
|---|---|
| SCHNEIDER NATIONAL CARRIERS, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| GILSTER-MARY LEE CORPORATION, | ) ) ) ) |
| Defendant. | ) |

Case No. 1:19-cv-1579

# COMPLAINT

Plaintiff, Schneider National Carriers, Inc., by and through its attorneys, McGuireWoods LLP, alleges the following as its Complaint against Defendant, Gilster-Mary Lee Corporation.

## Parties

1. Plaintiff Schneider National Carriers, Inc. ("Schneider") is a corporation organized and existing under the laws of the State of Nevada with its main office and headquarters at 3101 S. Packerland Drive, Green Bay, Wisconsin 54313.

2. Defendant Gilster-Mary Lee Corporation ("Gilster") is a corporation organized and existing under the laws of the State of Missouri with its main office and headquarters at 1037 State Street, Chester, Illinois 62233.

## Jurisdiction and Venue

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), insofar as Schneider is a citizen of Nevada and Wisconsin, Gilster is a citizen of Missouri and Illinois, and the amount in controversy exceeds $75,000.

4. Personal jurisdiction and venue are proper in this district pursuant to the agreed-upon forum selection clause of Section 16 of the Dedicated Capacity Transportation Agreement

entered into by Schneider and Gilster on or around October 2, 2018 (the "Agreement"), which states:

> **Applicable Law**. The terms and conditions of this Agreement shall be governed by the laws of the State of WI and any dispute shall be venued exclusively in the State or Federal Courts of Wisconsin. Any dispute shall be venued exclusively in the State or Federal Courts of Brown County, Wisconsin, and the Parties consent to the same.

A true and correct copy of the signed Agreement is attached hereto as **Exhibit 1**.

## Factual Background

5. Schneider is a transportation and logistics company that operates as a common and contract motor carrier throughout the United States and Canada.

6. Gilster is a food manufacturer and produces over 8,000 items in over 500 different private label brands. Gilster's products are delivered daily throughout the United States and Canada.

7. Schneider and Gilster are parties to the Agreement. Under the Agreement, Schneider agreed to provide Gilster with transportation services through the use of ten dedicated drivers and ten commercial trucks to transport Gilster's products from its Chester, Illinois facility to their intended destinations for a period of three years, from October 2, 2018 through October 2, 2021 (the "Initial Term").

8. In return, Gilster agreed to pay Schneider at certain per-mile rates for miles driven by each dedicated driver on a weekly basis, provided that Gilster pays no less than $3,840 per week for each of the ten dedicated driver assigned to the Gilster account regardless of the number of miles driven (the "Weekly Minimum Guarantee").

9. Under the Agreement, Gilster agreed to pay all applicable charges for Schneider's transportation services within 15 days of delivery of any shipments, after which unpaid invoices shall accrue interest at the rate of 1.5% per month.

10. Under the Agreement, either party may terminate the Agreement for convenience and without cause by providing at least 60 days advanced written notice to the other party. In the event Gilster terminated the Agreement for convenience during the Initial Term, Gilster agreed to pay Schneider a *pro rata* portion of the start-up costs incurred by Schneider in entering into the Agreement (the "Start-up Costs"), pursuant to the schedule set forth in Exhibit A of the Agreement.

## Gilster Terminates the Agreement for Convenience

11. On May 10, 2019, Schneider received a letter from Gilster dated April 29, 2019. A true and correct copy of Gilster's letter is attached hereto as **Exhibit 2**.

12. In the letter, Gilster informed Schneider that it was "necessary" to reduce the number of Schneider dedicated drivers from ten to five over the course of the two-week period from April 28, 2019 through May 11, 2019. Gilster also instructed Schneider to "eliminate all Schneider units" on or after May 11, 2019.

13. On May 23, 2019, Schneider sent Gilster a letter in response to its April 29, 2019 letter. A true and correct copy of Schneider's letter is attached hereto as **Exhibit 3**.

14. In the letter, Schneider informed Gilster that it viewed Gilster's April 29, 2019 letter as written notice of Gilster's intent to terminate the Agreement 60 days from the date Schneider received the letter (the "Termination Date") in accordance with Section 1 of the Agreement. Schneider also reminded Gilster of its obligation to pay Schneider the Weekly Minimum Guarantee through the Termination Date and the Start-up Costs.

15. Gilster did not respond to Schneider's May 23, 2019 letter. On July 3, 2019, counsel for Schneider sent Gilster a letter again demanding payment of the Weekly Minimum Guarantee incurred from May 10, 2019 through the Termination Date in the amount of $307,200, and the Start-up Costs in the amount of $78,683. A true and correct copy of the letter is attached hereto as **Exhibit 4**.

16. To date, Gilster has not made any payments to Schneider towards the Weekly Minimum Guarantee incurred from May 10, 2019 through the Termination Date, nor has Gilster made any payments to Schneider towards the Start-up Costs.

## COUNT I
**Breach of Contract – Failure to Pay Weekly Minimum Guarantee**

17. Schneider restates the allegations set forth in Paragraphs 1 through 16 as though fully set forth herein.

18. The Agreement is an existing, valid, and enforceable agreement under Wisconsin law.

19. Schneider has performed all of its obligations under the Agreement.

20. Gilster materially breached the Agreement by terminating the Agreement for convenience and subsequently failing to pay the Weekly Minimum Guarantee incurred during the 60-day notice period from May 10, 2019 through the Termination Date.

21. As a direct and proximate result of the foregoing breach of the Agreement by Gilster, Schneider has sustained and will continue to sustain substantial damages, including without limitation lost revenue estimated to be in excess of $300,000 and other damages to be proven at trial.

22. Pursuant to Section 9 of the Agreement, Schneider is entitled to recover its reasonable costs and attorneys' fees in the event it prevails in this litigation.

23. Schneider is therefore entitled to judgment against Gilster for compensatory damages in excess of $300,000 for its breach of the Agreement, interest, costs of suit, attorneys' fees, and such other and further relief as the Court deems fair, just, and equitable.

## COUNT II
### Breach of Contract – Failure to Pay Start-up Costs

24. Schneider restates the allegations set forth in Paragraphs 1 through 16 as though fully set forth herein.

25. The Agreement is an existing, valid, and enforceable agreement under Wisconsin law.

26. Schneider has performed all of its obligations under the Agreement.

27. Gilster materially breached the Agreement by terminating the Agreement for convenience during the Initial Term and subsequently failing to pay the Start-up Costs in the amount of $78,683.

28. Pursuant to Section 9 of the Agreement, Schneider is entitled to recover its reasonable costs and attorneys' fees in the event it prevails in this litigation.

29. Schneider is therefore entitled to judgment against Gilster for compensatory damages in excess of $75,000 for its breach of the Agreement, interest, costs of suit, attorneys' fees, and such other and further relief as the Court deems fair, just, and equitable.

WHEREFORE, Schneider respectfully requests that the Court:

1. Award Schneider all compensatory damages recoverable for Gilster's breaches of the Agreement;

2. Award Schneider its attorneys' fees and costs in bringing this action; and

3. Award Schneider such other relief as the Court deems just and proper.

Date:  October 28, 2019						Respectfully submitted,


						/s/ *Michael R. Phillips*
							One of Plaintiff's Attorneys

Michael R. Phillips
E-mail: mphillips@mcguirewoods.com
Joel H. Spitz
E-mail: jspitz@mcguirewoods.com
McGuireWoods LLP
77 West Wacker Drive, 41st Floor
Chicago, IL 60601
T: (312) 849-8100
F: (312) 849-3690